# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

RONALD JAMES JOHNSON,

Plaintiff,

-v-

CITY OF DETROIT, A Municipal Corporation Police Officer COOPER, Police Officer JENNINGS, Police Officer John Doe #1, Police Officer John Doe #2, and Police Officer John Doe #3, Individually and Jointly, Jointly and Severally, Defendants.

04-70080

Cause No.

Judge ARTHUR J. TARNOW

Magistrate

MAGISTRATE JUDGE KOMIVES

JURY TRIAL DEMANDED

FILED

'04 JAN -9 P3:38

U.S. DIST. COURT EAST DIST. MICH. DETROIT

Danny Cross (11108 IL)
Larry Polk (P 48164)
Attorneys for Plaintiff
14422 Prevost
Suite A
Detroit, MI. 48227
(313) 610 0222

Ruth Carter
Corporation Counsel
City of Detroit Law Department
Attorney For Defendant City
Suite 1650 First National Bldg.
Detroit, MI. 48226
(313) 224 4550

## COMPLAINT

**COMES** now plaintiff, **RONALD JAMES JOHNSON**, by and through his attorneys of record, and for his cause of actions against Defendants, **CITY OF DETROIT**, Police Officer **COOPER**, Police Officer **JENNINGS** and **JOHN DOES** states as follows, to wit:

## JURISDICTION AND VENUE

1. Jurisdiction and Venue of the action herein alleged is based upon Title 28 U.S.C. §§ 1331, 1343 and 1391 respectfully, the United States Constitution, the Constitution of the State of Michigan and State Common Law.

## PARTIES

2. Plaintiff **RONALD JAMES JOHNSON**, a Black American, (hereinafter referred to as **JOHNSON**) is, and on the days hereinafter alleged, was a resident of the City of Detroit and a Citizen of the State of Michigan.

3. Defendant **CITY OF DETROIT** (hereinafter referred to as defendant **CITY**) is a Municipal Corporation duly licensed and existing under and by virtue of the laws of the State of Michigan.

4. Defendant Police Officer **COOPER** (hereinafter referred to as **COOPER**) in his capacity as agent/employee of defendant **CITY** was a duly appointed police officer of the City of Detroit, and (on information and belief) in his individual capacity is a resident of the City of Detroit, County of Wayne, and a Citizen of the State of Michigan.

5. Defendant Police Officer **JENNINGS** (hereinafter referred to as **JENNINGS**) in his capacity as agent/employee of defendant **CITY** was a duly appointed police officer of the City of Detroit, and (on information and belief) in his individual capacity is a resident of the City of Detroit, County of Wayne, and a Citizen of the State of Michigan.

6. Defendant Police Officers **DOES 1 through 3** (hereinafter referred to as **DOE #1,2, 3** or **DOES** as applicable) in their capacity as agent/employee of defendant **CITY** were duly appointed police officers of the City of Detroit, and (on information and belief) in their individual capacity are residents of the City of Detroit, County of Wayne, and Citizens of the State of Michigan.

## FACTS

7. On or about June 1, 2002, in the vicinity of 12133 Northland, Detroit, MI., plaintiff **JOHNSON** observed defendants **COOPER** and **JENNINGS** acting out conduct believed unbecoming a peace officer, plaintiff stated to these defendants that, "you guys know what you're doing is wrong."

8. Same, defendants reacted to plaintiff's comment with expletives, with threats of physical harm, and a directive to immediately leave the vicinity.

9. That on or about June 16, 2002, defendants **COOPER** and **JENNINGS** followed-up on their threat to harm plaintiff, came to plaintiff **JOHNSON'S** Northland residence, observed plaintiff on his porch, and employing their squad car's public address system invited plaintiff to come out from his residence, and that should they "catch (plaintiff) in the streets" they intended to harm plaintiff.

10. That on or about 19, 2002, defendants **COOPER**, **JENNINGS** and **DOES** observed plaintiff in public near his Northland residence, defendants engaged a pursuit of plaintiff along the public highway, across and onto various private properties ultimately reaching into the rear of 12324 Northland, and without any

legal process, probable cause or exigent circumstances detained and arrested plaintiff.

11. Same, at the instant of being fatigued, hindered and cornered plaintiff offered no resistence to defendants but was subject to excessive force when defendants unnecessarily jumped, pounced, jerked, kicked, slapped, battered and otherwise physically assaulted plaintiff.

12. Same, during plaintiff's detention and arrest defendants verbally abused plaintiff with taunts and various utterances, including but not limited to, racially derogatory and intimidating statements.

13. Same, defendants unjustifiably deploy firearm in a manner to further intimidate and terrorize plaintiff and defendants knowingly caused physical suffering and injury through excessively tight application of handcuffs and ignoring plaintiff's protests and admonishments regarding the condition of his wrist.

14. That defendants could not conclude and did not conclude, and neither could have a reasonable law enforcement officer conclude that probable cause or reasonable suspicion existed of plaintiff having committed, was committing or was about to commit any wrong.

**COUNT I**
**Statement Of Claim**
**VIOLATION OF 42 U.S.C. §1983**

15. - 28. That plaintiff **JOHNSON** incorporates herein by reference ¶¶ 1 through 14 of the Complaint as though fully set forth verbatim as ¶¶ 15 through

28 of **Count I** of the Complaint.

29. That defendants **CITY, COOPER, JENNINGS** and **DOES** are persons within the meaning of 42 U.S.C. §1983 and were at all times relevant hereto acting under color of law.

30. That actions of defendants **CITY, COOPER, JENNINGS** and **DOES** deprived plaintiff of rights secured by the Constitution and laws of the United States and the State of Michigan.

31. That defendant **CITY** (on information and belief) was aware or should have been aware that defendants **COOPER, JENNINGS** and **DOES** had a propensity for using excessive force and for denying rights guaranteed by the Fourth Amendment, has failed to adequately respond, investigate, discipline, train or retrain, and has acted deliberately indifferent in sustaining atmosphere and custom wherein use of excessive force and/or conduct that violates Fourth Amendment rights will receive inadequate investigation, discipline, training and/or retraining.

32. That as a direct and proximate result of defendants' conduct plaintiff was caused to suffer mental anguish, physical injury, harassment, anxiety, embarrassment and humiliation.

**WHEREFORE**, Plaintiff **JOHNSON** prays this Honorable Court enter Judgment in his favor and against Defendants **CITY, COOPER, JENNINGS** and **DOES #1** through **#3** in an amount plaintiff is found to be entitled including general, special, and compensatory damages together with interest, costs and attorney's fees, 42 U.S.C.

§1988. Further, Plaintiff **JOHNSON** prays this Honorable Court order Defendants **COOPER, JENNINGS** and **DOES #1** through **#3** pay exemplary and/or punitive damages in an amount the evidence herein proves appropriate and adjudge such other and further relief this Court deems just and proper.

**COUNT II**
**Statement Of Claim**
**VIOLATION OF 42 U.S.C. §1985(3)**

33. - 49. That plaintiff **JOHNSON** incorporate herein by reference ¶¶ 15 through 32 of **Count I** of the Complaint as though fully set forth verbatim as ¶¶ 33 through 49 of **Count II** of the Complaint.

50. That defendants **COOPER, JENNINGS** and **DOES #1** through **#3** acting in their individual and/or official capacity and/or outside the scope of their employment, together and among themselves combined and agreed to commit acts, allow the commission and/or omission of acts known by them to violate plaintiff's rights under law, to inflict wrongs upon plaintiff in furtherance of and to achieve the purpose of their conspiracy.

51. Same, defendants accomplished their ends by committing one or more of the following acts, to wit:

A) Detained, arrested, searched and interrogated plaintiff without legal basis or justification;

B) Denied due process and equal protection under the United States Constitution and the Constitution of the State of Michigan;

C) Falsified official reports to mask their violations of plaintiff;

D) Provoked, taunted, humiliated and harassed plaintiff;

E) Denied rights and privileges of United States Citizenship; and,

F) Used excessive force to injure plaintiff.

52. That as a direct and proximate result of defendants' conduct plaintiff was caused to suffer mental anguish, physical injury, harassment, anxiety, embarrassment and humiliation.

**WHEREFORE**, Plaintiff **JOHNSON** prays this Honorable Court enter Judgment in his favor and against Defendants **COOPER, JENNINGS** and **DOES #1** through **#3** in an amount plaintiff is found to be entitled including general, special, and compensatory damages together with interest, costs and attorney's fees, 42 U.S.C. §1988. Further, Plaintiff **JOHNSON** prays this Honorable Court order Defendants **COOPER, JENNINGS** and **DOES #1** through **#3** pay exemplary and/or punitive damages in an amount the evidence herein proves appropriate and adjudge such other and further relief this Court deems just and proper.

## COUNT III
## Statement Of Claim
## FALSE IMPRISONMENT
## FALSE ARREST

53.- 66. That plaintiff **JOHNSON** incorporate herein by reference ¶¶ 1 through 14 of this Complaint as though fully set forth verbatim as ¶¶ 53 through 66 of Count III of the Complaint.

67. Same, the detention, arrest and imprisonment in the manner above described constitute wilful and wanton conduct both prior to and during the detention, arrest and imprisonment.

68. That as a direct and proximate result of the conduct of defendants, plaintiff was deprived of his right not be falsely detained, arrested or imprisoned and from unjustifiable deprivation of liberty, and was caused to suffer mental anguish, physical injury, harassment, anxiety, embarrassment and humiliation.

**WHEREFORE,** Plaintiff **JOHNSON** prays this Honorable Court enter Judgment in his favor and against Defendants **COOPER, JENNINGS** and **DOES #1** through **#3** in an amount plaintiff is found to be entitled including general, special, and compensatory damages together with interest, costs and attorney's fees, 42 U.S.C. §1988. Further, Plaintiff **JOHNSON** prays this Honorable Court order Defendants **COOPER, JENNINGS** and **DOES #1** through **#3** pay exemplary and/or punitive damages in an amount the evidence herein proves appropriate and adjudge such other and further relief this Court deems just and proper.

**COUNT IV**
**Statement Of Claim**
**ASSAULT & BATTERY**

69. - 82 That plaintiff **JOHNSON** incorporate herein by reference ¶¶ 1 through 14, of the Complaint as though fully set forth verbatim as ¶¶ 69 through 82 of Count IV of the Complaint.

83. That plaintiff did not consent to the physical contact of these defendants

and defendants were without facts justifying herein described physical contact.

84. That as a direct and proximate result of defendants' conduct plaintiff was caused to suffer mental anguish, physical injury, harassment, anxiety, embarrassment and humiliation, and deprived of rights protected under State law proscribing assaults and batteries.

**WHEREFORE,** Plaintiff **JOHNSON** prays this Honorable Court enter Judgment in his favor and against Defendants **COOPER, JENNINGS** and **DOES #1** through **#3** in an amount plaintiff is found to be entitled including general, special, and compensatory damages together with interest, costs and attorney's fees, 42 U.S.C. §1988. Further, Plaintiff **JOHNSON** prays this Honorable Court order Defendants **COOPER, JENNINGS** and **DOES #1** through **#3** pay exemplary and/or punitive damages in an amount the evidence herein proves appropriate and adjudge such other and further relief this Court deems just and proper.

Respectfully Submitted,

Danny C. Cross (11108 IL)
Larry R. Polk (P 48764)
14422 Prevost
Suite A
Detroit, MI. 48227
(313) 610-0222